**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ANTON E. KRAJEWSKI,** | ) | Civil Action No. 4:23-cv-3097 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| **UNION PACIFIC RAILROAD** | ) | |
| **COMPANY**, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY BRIEF REGARDING ITS *DAUBERT* MOTION TO EXCLUDE OPINIONS OF DR. JASON CITTA OR, IN THE ALTERNATIVE, MOTION TO DEEM THE REPLY BRIEF TIMELY FILED**

On August 9, 2024, Defendant filed its *Daubert* motions, including a motion seeking to exclude certain opinions of one of plaintiff's treating physicians, Dr. Jason Citta. (**(ECF #81 (motion); ECF #82 (brief)**). Defendant filed several other *Daubert* motions related to plaintiff's other retained and non-retained experts on the same day. (**ECF #'s 71, 75, 78, 84, 87**). The deadline for filing *Daubert* motions was September 30, 2024, according to the Court's Trial Setting Order. (**ECF # 58**) therefore Defendant filed its Daubert motions early.

On August 22, 2024, Plaintiff filed responses to Defendant's Daubert motion regarding the opinions of Dr. Jason Citta, as well as, responses to Defendant's other Daubert motions. (**ECF #'s 98, 99, 95, 96, 97, 100**). The Court granted Defendant's Motion to Extend Time to File Reply Briefs on August 29, 2024 (**ECF #'s 107 & 108**) allowing Defendant to file its reply briefs up to and including September 4, 2024.

On September 4, 2024, Plaintiff filed Reply briefs in further support of its *Daubert* motions for all the other pending *Daubert* motions except Dr. Citta's. (**ECF #'s 111, 117, 115, 113, 109**). Defendant's Dr. Citta Reply brief was finished and ready to be filed with the other Reply briefs,

however due to an inadvertent clerical error made by one of defense counsel's assistants it was inadvertently not filed because it was incorrectly believed to have been filed with the rest. When Defendant realized the mistake, it was promptly filed the reply brief at issue with the Court on September 30, 2024**. (ECF # 126).**

As discussed below, the Dr. Citta reply brief was for all practical purposes not untimely, as it was filed on or before September 30th, the date *Daubert* motions were allowed to be filed under the case management order and there is no delay to the case or other deadlines caused by the filing. Further, and more importantly, Plaintiff is not prejudiced in any way by the timing of the filing of the reply brief. Plaintiff has lost several motions in this case already, and Plaintiff's counsels' opposition to almost everything seems to be a pattern of overly litigious behavior.

## ARGUMENT

*I. Union Pacific's Reply Brief was for all practical purposes not untimely.*

As a practical matter, Union Pacific's Reply was not untimely because it was filed within the Court's ordered deadline for *Daubert* motions, and it doesn't alter any other deadlines. The Court issued a trial setting order which established the deadline for filing motions to exclude testimony on *Daubert* related grounds allowing same to be filed by September 30, 2024. (**ECF # 58).** The reply brief was filed on or before the *Daubert* deadline on September 30th.

*II. To the Extent that the Court finds Defendant's Reply Brief is Untimely, Plaintiff is not prejudiced, and Defendant Moves This Court for An Order Allowing the Dr. Citta Reply Brief to Be Deemed Timely Filed on September 30, 2024*

To the extent that the Court deems Union Pacific's brief untimely, Defendant requests that this Court consider this response Brief, by reference, its motion for leave to file the Reply brief out of time on September 30th, the day it was filed. Defendant's inadvertent failure to do was due to a

clerical error and the same is excusable. It is within the Court's power to extend the deadline and allow Union Pacific's Dr. Citta Reply Brief to be deemed timely filed on September 30th.

Federal Rule of Civil Procedure 6 allows the Court discretion to extend the deadline for a party to file a reply brief if the party's failure to do so on time was because of "excusable neglect". Fed.R. Civ.P 6(b)(1)(B). Whether a party's failure to meet a deadline constitutes "excusable neglect", requires the Court to apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movement acted in good faith. *Pioneer inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Here, Union Pacific's inadvertent failure to file its Reply brief regarding Dr. Citta's *Daubert* motion with the rest of its Reply briefs was the result of an internal clerical error and is therefore excusable. Plaintiff is not, nor will he be, prejudiced by the timing of the filing of the reply brief. Plaintiff would not have been able to respond to Union Pacific's Reply anyways, further, the timing of the filing does not change the other deadlines, and there is no basis to show prejudice to Plaintiff. *See Ahanchian v. Xenon Pictures, Inc*. 624 F.3d 1253, 1263 (9th Cir. 2010) (finding insufficient prejudice where defendant would have won a "quick but unmerited victory, the loss of which we do not consider prejudicial" by not allowing Plaintiff to submit an untimely motion); *see also*, *Cuffy v. Getty Refining & Marketing Co.,* 648 F.Supp. 802, 806 (D.Del. 1986) (inconvenience to a party or the strengthening of the movant's legal position does not provide sufficient prejudice).

Union Pacific submitted its reply brief within the Court's trial setting order deadline to submit *Daubert* motions on September 30, 2024. There has not been and would not be any delay or rescheduling of any of the other deadlines as a result of the timing of filing the reply brief.

Other courts have found similar reasons to constitute excusable neglect. *See Ahanchian v. Xenon Pictures, Inc*. 624 F.3d 1253, 1263 (9th Cir. 2010) ("clerical error" calendaring mistake and computer problems were excusable neglect for missing a motion deadline); *Picay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (calendaring mistake by clerical employee leading to missing a deadline was excusable neglect). Once Union Pacific learned of its mistake, it remedied the situation. There is no prejudice to Plaintiff. Plaintiff's motion to strike should be denied.

WHEREFORE Defendant requests that the Court deny Plaintiff's Motion to Strike Defendant's Dr. Citta Reply Brief, or in the alternative, that the Court consider this response a motion by Defendant to extend the time for filing the reply brief up to and including September 30, 2024. Defendant further requests that the Court deem the reply brief timely filed on September 30, 2024. Defendant also requests any other relief the Court deems proper under the circumstances.

    KNIGHT NICASTRO MACKAY, LLC

    */s/ Trent R. Church*
Trent R. Church MO Bar No. 59102
Chad M. Knight, NE Bar No. 25116
KNIGHT NICASTRO MACKAY, LLC
1401 Walnut Street, Ste 200
Boulder, CO 80302
knight@knightnicastro.com
church@knightnicastro.com
Telephone: (303) 815-5869
FAX: 816-396-6233
***ATTORNEY FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY***

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the word limits of other requirements of NECivR 7.1(d). I have relied upon the word count function of Microsoft Word 365 software, which was applied to all text including the caption, headings, footnotes, and quotations, which calculates the current word count at 1,318 words.

/s/ Trent R. Church

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing was served via electronic filing with the Court's electronic filing system on this 17th day of October to all counsel of record including the following:

Paul D. Banker, MN 0256596
Joshua N. Miller, MN 0397585
Hunegs, LeNeave Law Firm
1000 Twelve Oaks Center Drive
Ste 101
Wayzata, MN 55391
P: 612-339-4511
F: 612-339-5150
pbanker@hlklaw.com
jmiller@hlklaw.com

*Attorneys for Plaintiff*

/s/ Trent R. Church