IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTON E. KRAJEWSKI,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY<br>A Delaware Corporation<br><br>Defendant. | Civil Action No. 4:23-cv-03097<br><br>**PLAINTIFF'S REPLY BRIEF<br>IN SUPPORT OF MOTION TO<br>STRIKE DEFENDANT'S<br>UNTIMELY REPLY BRIEF** |

On September 30, 2024, Defendant Union Pacific Railroad Company (UP) submitted an untimely reply brief in support of its motion to strike Plaintiff Anton Krajewski's expert witness Dr. Jason Citta. (ECF #126.) The reply brief was untimely because it fell nearly a month outside the time to respond set by the Court's text-only order (ECF #107), which in turn reflected UP's request for an extension that Krajewski did not oppose. Despite submitting its reply brief on September 30 for a September 4 deadline, UP did not make a motion for the Court to accept its late filing or attempt to explain its untimeliness in any regard.

On October 4, 2024, Krajewski moved to strike UP's reply brief as untimely. (ECF #131.)

On October 17, 2024, UP responded to the motion. (ECF #135.) UP does not and cannot dispute that its reply is untimely. (ECF #135 at 1-2.) Instead, UP argues that it is somehow entitled to submit a reply brief 26 days late with only a perfunctory retroactive explanation.

Under Fed. R. Civ. P. 6(b)(1)(B), UP was required to make a motion demonstrating the existence of "good cause" to extend the deadline and "excusable neglect" for its late filing. UP has taken the irregular step of asking the Court to treat its reply brief as a motion attempting to show excusable neglect. UP's "motion" is not only procedurally deficient, but entirely devoid of merit.

1

Despite having the burden to demonstrate good cause to extend the deadline, UP does not mention the phrase "good cause" at all. Instead, UP argues, with no authority, that the late filing "was the result of an internal clerical error and is therefore excusable." (ECF #131 at 2-3.)

"Excusable neglect" is an "'elastic concept' that empowers courts to accept, '*where appropriate*, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (emphasis added). Whether neglect is nevertheless excusable is an equitable determination considering all circumstances surrounding the omission based on the following factors: (1) "the possibility of prejudice"; (2) "the length of [the] delay and the possible impact of that delay on judicial proceedings"; (3) "[the untimely party's] reasons for delay, including whether the delay was within [the untimely party's] reasonable control"; and, (4) "whether [the untimely party] acted in good faith."[1] *Id.*

Here, regardless of prejudice or delay, UP took the unreasonable action of filing its brief nearly a month late with no conference with opposing counsel or the Court, no motion to the Court, and no attempt to explain its actions anywhere. UP's actions were irregular at best and underhanded at worst. UP now purports to make a perfunctory "motion" despite following no proper procedure and despite not even mentioning the words "good cause," let alone analyzing how it might apply.

UP has no real excuse for filing its reply brief 26 days late, no real excuse for not even trying to follow the proper procedure for filing a brief late, and no real excuse for not even trying to follow the proper procedure for filing a motion to accept a late brief. Krajewski respectfully

---

[1] UP's citation (for whatever reason, exclusively to Ninth Circuit case law) is both not controlling and inapposite. The discussion of a "quick but unmerited victory" is not relevant because the question is not whether UP is allowed to make its motion, but whether UP is allowed to submit a paper-thin retroactive justification for filing a very untimely reply brief in support of a motion it already made.

2

asks the Court not to find workable excuses where UP provides none. UP's untimely reply brief should be excluded.

| | |
|---|---|
| Dated: October 23, 2024 | HUNEGS, LeNEAVE & KVAS, P.A. |
| | /s/ Paul Banker |
| | Randal W. LeNeave, NE ID 24813 |
| | Paul Banker, MN ID 0256596 |
| | Joshua N. Miller, MN ID 0397585 |
| | Mark S. Triola, MN ID 0401933 |
| | Attorneys for Plaintiff |
| | 1000 Twelve Oaks Center Drive, Suite 101 |
| | Wayzata, MN  55391 |
| | Tel: (612) 339-4511 |
| | Fax: (612) 339-5150 |
| | rleneave@hlklaw.com |
| | pbanker@hlklaw.com |
| | jmiller@hlklaw.com |
| | mtriola@hlklaw.com |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on October 23rd, 2024, the foregoing Plaintiff's Reply Brief in Support of Motion to Strike Defendant's Untimely Reply Brief was electronically filed via CM/ECF, which will send notification of filing to:

Chad M. Knight
Trent R. Church
Jennifer Vedra
Christian J. Smith
Nicholas R. Snow
Knight, Nicastro Mackay, LLC.
1401 Walnut Street, Suite 200
Boulder, Colorado 80302
knight@knightnicastro.com
church@knightnicastro.com
vedra@knightnicastro.com
cssmith@knightnicastro.com
snow@knightnicastro.com

                                                            */s/ Paul Banker*